USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-18-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LINDA CARDONA,

                                    Plaintiff,                          14 Civ. 1596 (PKC)

                    -against-                                    MEMORANDUM AND ORDER

JULIAN MOHABIR,
                                    Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.:

        This suit was brought in Superior Court of the State of Connecticut by Linda Cardona on behalf of her infant child alleging that the child suffered injuries as a result of exposure to lead paint in a building on New Britain Avenue in Hartford, Connecticut of which defendant Julian Mohabir is said to be the landlord. Mr. Mohabir, represented by counsel, removed this action to this district. He states that he is a citizen of the state of New York, who resides in Queens County, i.e. not within this district. There is no indication that Ms. Cardona or her child has any ties to New York, the claim has any nexus to New York or she or the child has ever consented to have any claim adjudicated in New York.

        Where a ground for removal exists, the removal may be properly made "to the district of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, it is only to the district where the state action is pending, i.e. the District of Connecticut, to which the action may be properly removed.

        The procedural limitation on removal to districts other than the district embracing the place where the state court action is pending was not slipped into the law books while otherwise attentive counsel was nodding. The requirement was set forth in the Judiciary Act of 1789 (at section 12), which on September 24, 2014 will celebrate its 225th anniversary.

        But not all defects in removal extend to the court's subject matter jurisdiction and some of those that do not are waivable by the non-removing party. Cf. Woodward v. D. H.

Overmyer Co., 428 F.2d 880, 882 (2d Cir. 1970)(Friendly, J.) (holding that the prohibition on in-state defendant removals is waivable).   If Ms. Cardona had brought suit in this Court against Mr. Mohabir, the Court would likely have had subject matter jurisdiction. 28 U.S.C. § 1332(a). It is, therefore, possible that the defects apparent from this removal petition are capable of being waived.  See Port Authority v. American Warehousing of New York, Inc., 2004 WL 2584886 (S.D.N.Y. 2004) (removal to wrong district within a state is waivable).

Even if the defects are capable of being waived, a lawyer has no right to improperly remove a case in the hopes that the defects will not be timely asserted by opposing counsel. While the non-removing party may forfeit the right to obtain remand, the conduct of an attorney intentionally violating the removal statute is not beyond redress.  By statute, a removal petition is subject to the strictures of Rule 11, Fed. R. Civ. P.  28 U.S.C. §1446(a).  See also Rules 3.1(a), 3.2, 3.3(f)(3) & 8.4(d), New York Rules of Professional Conduct. [1]

Counsel for defendant is directed forthwith to transmit by fax or overnight courier a copy of this Order to plaintiff's counsel.  Plaintiff is invited to state her position by April 2, 2014.  Defendant may respond by April 9, 2014.

SO ORDERED.

New York, New York
March 17, 2014

P. Kevin Castel
United States District Judge

---

[1] Present counsel's expansive views on removal have been manifested in at least one other case.  He removed an action pending in New York state court against his clients, entities who are citizens of New York.  Szwewczuk v. Stellar 117 Garth LLC, 09 Civ. 01570(PAC) (Dkt 1.)  Section 1441(b) of title 28 does not permit removal by a citizen of the state in which the action is brought.  Thus, except in the circumstances described in section 1441(c)(1), an in-state resident cannot remove a case to federal court invoking diversity jurisdiction but, as noted , the rule is waived by non- assertion and it does not appear to have been asserted in that case. See Shapiro v Logistec USA Inc, 412 F3d 307, 313-315 (2d Cir. 2005) (citing Woodward v. D.H., Overmyer Co., Inc., 428 F.2d at 882.)