UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

LINDA CARDONA,

                         Plaintiff,

         -against-

JULIAN MOHABIR,

                         Defendant.
--------------------------------------------------------------x

14 Civ. 1596 (PKC)

MEMORANDUM
AND ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5-6-14

CASTEL, U.S.D.J.

        Court-initiated sanctions are expressly contemplated by Rule 11(c)(3) yet, except in an unusual case such as this that is premised upon an admission, the subjective bad faith standard requires a district judge with a full calendar of cases to delve into an attorney's state of mind, drawing inferences from circumstantial evidence, without the tools customarily available in the adversary system. On this record, the Court imposes sanctions under Rule 11, Fed. R. Civ. P., because the defendant improperly removed a Connecticut state case to this court. The removal was improper because the statute permits removal only to the district embracing the place where the removed state court action is pending. 28 U.S.C. § 1441(a). The lawyer's own statements concede that, at the time of filing of the notice of removal, he knew he was removing the case to the wrong district. He states that he did so because he lacked time to secure a pro haec vice admission to the proper district, the District of Connecticut, and did not want his client to lose the benefit of having the case heard in federal court. For reasons that will be explained, the Court concludes that the notice of removal was filed in subjective bad faith.

        Although the plaintiff has filed a voluntary dismissal pursuant to Rule 41(a)(1)(A)(i), Fed. R. Civ. P., this Court's order to show cause on sanctions was filed prior to

the dismissal and this Court retains jurisdiction over the issue of sanctions.  Cooter & Gell v.
Hartmarx Corp., 496 U.S. 384, 394–95 (1990); see Advisory Committee Notes to 1993
Amendments to Rule 11 (a court-initiated sanction may be imposed "only if the show cause
order is issued before any voluntary dismissal. . . .").

The Connecticut State Court Action and its Removal to this Court

   Linda Cardona brought an action in Superior Court of the State of Connecticut on
behalf of her infant child alleging that the child suffered injuries as a result of exposure to lead
paint in a building located on New Britain Avenue in Hartford, Connecticut.  Defendant Julian
Mohabir is alleged to be the landlord of the building.  Mr. Mohabir is a citizen of the state of
New York and resides in Queens County, which is in the Eastern District of New York.  There is
no indication that Ms. Cardona or her child has any ties to New York, the claim has any nexus to
New York, or she or the child has ever consented to have any claim adjudicated in New York.

   Dwight A. Kern and his law firm, Segal McCambridge, Singer & Mahoney, with
an office in Jersey City, New Jersey, were retained by an insurance carrier to represent Mr.
Mohair in the Connecticut state court action on March 7, 2014.  Mr. Kern is admitted to practice
in this district but not in the District of Connecticut.  On the day he was retained, Mr. Kern
contacted Mr. Mohabir and learned that he was served with process on either February 5 or 6,
2014.  Mr. Kern "began to conduct legal research regarding the federal rules on removal and
diversity jurisdiction and discovered that the proper venue would be the United States District
Court for the District of Connecticut," a district in which he is not admitted to practice.  (Kern
First Affirm'n ¶ 9.)  He unsuccessfully tried to contact a former colleague admitted in the
District of Connecticut.

   Mr. Kern filed a Notice of Removal in this Court on March 7, 2014 at 4:09 p.m.
He signed the Notice, which recited the basis for diversity jurisdiction, the timeliness of removal,

the filing of the Notice in the state court and concludes as follows: "Accordingly, Defendant has

satisfied all requirements to remove this action to the United States District Court for the

Southern District of New York." (Notice of Removal ¶ 14.)

Removal to this Court Was Improper

By statute, where a ground for removal exists, the removal may be properly made

"to the district of the United States for the district and division embracing the place where such

action is pending."  28 U.S.C. § 1441(a).  Thus, it is only to the district where the state action is

pending, i.e. the District of Connecticut, to which the action may be properly removed.

As this Court wrote in its prior Memorandum and Order in this case, "The

procedural limitation on removal to districts other than the district embracing the place where the

state court action is pending was not slipped into the law books while otherwise attentive counsel

was nodding.  The requirement was set forth in the Judiciary Act of 1789 (at section 12), which

on September 24, 2014 will celebrate its 225th anniversary."  Cardona v. Mohabir, No. 14 Civ.

1596(PKC), 2014 WL 1088103, at *1 (S.D.N.Y. Mar. 18, 2014).

Rule 11 Sanctions Initiated Sua Sponte

By statute, a removal petition is subject to the strictures of Rule 11, Fed. R. Civ.

P.  28 U.S.C. §1446(a).  Rule 11(c) permits a Court on its own initiative to require an attorney or

party to show cause why its conduct specifically described in the order has not violated Rule

11(b).  Here, the Court's Memorandum and Order of March 17 noted that, though the defect in

removal may be capable of being waived, it did not mean that the improperly removing party's

conduct was beyond the possibility of a sanction.  "While the non-removing party may forfeit the

right to obtain remand, the conduct of an attorney intentionally violating the removal statute is

not beyond redress."  Cardona, 2014 WL 1088103, at *1.  The March 17 Memorandum and

Order also noted another instance in which Mr. Kern had improperly removed a case in violation

of the statutory bar on removal of diversity actions by in-state defendants; the Court also noted that the plaintiff had not raised the defect and so the case remained in federal court. Id.; see Szwewczuk v. Stellar 117 Garth LLC, 09 Civ. 01570(PAC) (S.D.N.Y. Feb. 19, 2009) (Dkt 1.) On March 19, the Court issued a separate Order stating, in relevant part, that "[d]efendant should set forth any additional information on the propriety of the removal so that the Court may consider . . . whether Rule 11 or other sanction should be imposed. . . .  Defendant's submission is due April 9, 2014."

       The defendant's responsive submission noted that this Court had not issued a document denominated as an "order . . . to show cause . . . ," the words used in Rule 11(c)(3). To avoid doubt, this Court issued an order to show cause invoking Rule 11(c)(3) and describing with particularity the conduct which is alleged to have violated Rule 11(b)(1) and (2).[1] Defendant has filed a further response to the order to show cause.  Plaintiff seeks no sanction for itself and, indeed, urges this Court to conclude that "defendant did not intend to violate the Federal removal statute." (D. Freeman, letter of Apr. 30, 2014.)

Rule 11 Standard

       Rule 11(b)(2) provides that by presenting to the court a pleading or other paper, an attorney "certifies that to the best of  the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ."  Rule 11 sanctions ought not be imposed "for minor, inconsequential violations of the standards prescribed by subdivision (b)."  Advisory Committee Notes to 1993 Amendments to Rule 11.  The Second Circuit has

---

[1] Having reviewed the entirety of the record, the Court does not find a violation of Rule 11(b)(1) but only of Rule 11(b)(2).

concluded that in the case of court-initiated Rule 11 sanctions, where the "safe-harbor" provision of Rule 11(c)(1)(A) does not apply, the standard to be applied is not one of objective unreasonableness, but subjective bad faith.[2]  Muhammad v. Walmart Stores E., L.P., 732 F.3d 104, 108–09 (2d Cir. 2013) (citing In re Pennie & Edmonds LLP, 323 F.3d 86, 90 (2d Cir. 2003)).  The facts supporting such a finding must be "characterized by a high degree of specificity."  Schlafer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 338 (2d Cir. 1999).

Since the Second Circuit decided Pennie, courts in this Circuit have found subjective bad faith in a variety of cases, "ranging from those involving overtly dishonest or contemptuous behavior, down to those where the court simply regarded an argument as frivolous."  In re Gushlak, No. 11-MC-218 (NGG), 2012 WL 2564523, at *2 (E.D.N.Y. July 2, 2012) (internal citations omitted) (collecting cases).  One district court has defined the appropriate standard as requiring "deliberate fraud or wrongdoing."  Secs. & Exch. Comm'n v. Smith, 798 F. Supp. 2d 412, 424 (N.D.N.Y. 2011) (citing United States v. Pangburn, 983 F.2d 449, 454 (2d Cir. 2009)), aff'd in part, dismissed in part, 710 F.3d 87 (2d Cir. 2013).  Judge Garaufis in the Eastern District of New York described a finding of subjective bad faith as requiring "evidence of what might be referred to as 'frivolous-plus.'"  Gushlak, 2012 WL 2564523, at *2.  "There must also be either direct or circumstantial evidence that counsel knew that the argument was without merit."  Id.  This formulation has since been adopted by at least one other court in this Circuit.  See Kleehammer v. Monroe Cnty., No. 09-CV-6177-CJS, 2013 WL 1182968, at *9–10 (W.D.N.Y. Mar. 20, 2013).

---

[2] Several other circuits have not followed a subjective bad faith standard.  See Young v. City of Providence, 404 F.3d 33, 39 (1st Cir. 2005); Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1256 (11th Cir. 2003); United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1116 (9th Cir. 2001); Gregory P. Joseph, Sanctions: The Federal Law of Litigation Abuse 351–55 (5th ed. 2013).

This Court reads the Circuit's precedents as rejecting the use of Rule 11(b)'s "best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" standard in a case of Court-initiated sanctions.  See Muhammed, 732 F.3d at 109 (reversing the district court, which had "couched its conclusion in terms of what 'any competent attorney' would have done and extensively discussed [the lawyer's] admittedly incompetent practice in other areas.")  If what a reasonable attorney would have known is not the standard, then logically the focus is on the knowledge of the lawyer whose conduct is at issue.  Thus, in the instance of a Court-initiated sanction under Rule 11(b)(2), the lawyer must have known that the legal contention was not warranted by existing law or its modification or extension.  Evidence that would satisfy the knowledge standard in a criminal case ought to be sufficient in a sanctions motion and, thus, knowledge may be proven by circumstantial evidence and conscious avoidance may be the equivalent of knowledge.  See, e.g., United States v. Svoboda, 347 F.3d 471, 479 (2d Cir. 2003).

The Court declines to impose an additional requirement that the evidence demonstrate that the lawyer acted with an improper purpose.  Rule 11(b)(1) is expressly premised upon a finding that a lawyer acted for "any improper purpose."  Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc., 186 F.3d 157, 176–77 (2d Cir. 1999).  Also, section 1927 of title 28 that requires a finding that the lawyer acted "unreasonably and vexatiously," which has been interpreted to mean for an improper purpose.  Schlaifer Nance & Co., 194 F.3d at 337.  No similar requirement appears in Rule 11(b)(2), and the Court declines to imply one.

Based upon the record, the Court comfortably concludes that there is clear evidence that the defendant acted in subjective bad faith in signing and filing the Notice of Removal attesting that "[a]ccordingly, Defendant has satisfied all requirements to remove this

- 6 -

action to the United States District Court for the Southern District of New York." (Notice of Removal ¶ 14.)  In this case, the Court need not rely upon circumstantial evidence of Mr. Kern's knowledge because he has attested to it in his affirmation.  Mr. Kern states that "With time running quickly by, I considered the possibility of filing the Notice of Removal in the closest Untied States District Court to our office, which is the Southern District of New York, and researched the issue." (Kern First Affirm'n  ¶ 13.)  He found a case from the Eastern District of New York where "defendants improperly removed the case to the wrong District Court on the last possible day" for removal.  (Id.);  St. Paul Ins. Co. v. Architron Designers and Builders, Inc., No. 05-CV-1872 (SJF)(RER), 2007 WL 757910, at *1 (E.D.N.Y Mar. 8, 2007) (Feurstein, J.).  A reading of Judge Feurstein's order confirmed that removal to a district other than the district where the state action was pending was, indeed, improper.  St. Paul Ins. Co., 2007 WL 757910, at *1 ("Architron improperly removed this case to the Eastern District.").  Judge Feurstein remedied the improper removal by transferring it to the proper district.  Id.

On the present motion, Mr. Kern does not challenge that he knew he was removing the case to the "wrong district."  He states in his First Affirmation that he "concluded that removal of a case to the wrong district court was not punitive in nature and subject matter jurisdiction would be preserved with the likelihood of the case being transferred to the proper district in the near future." (Kern First Affirm'n ¶ 14.)  His belief that there would not be severe consequences for the improper removal and that his client would be well protected by an improper removal does not save his conduct.

The focus of a Rule 11 inquiry is not whether the attorney's conduct was intended to serve his client's best interest; nor is the focus on the degree of prejudice actually suffered by

the opposing party.[3]  The "purpose of Rule 11 sanctions is to deter rather than to compensate

. . . ."  Advisory Committee Notes to 1993 Amendments to Rule 11.  It focuses upon "conduct

that frustrates the aims of Rule 1."[4]  Id.  Mr. Kern states that at the time of removal "[his]

assessment of the case was that it belonged in the District of Connecticut and [he] could

legitimately transfer it there after preserving subject matter jurisdiction in the Southern District

of New York."  (Kern First Affirm'n ¶ 25.)  Curiously, Mr. Kern says that post-removal he

concluded that "any motion to transfer to the District of Connecticut could not be made in good

faith."  (Id. ¶ 31.)  But, putting aside this later belief, initially filing in the wrong district with the

expectation that a party would then move to transfer to the proper district—or the Court would

do so on its own initiative—does not promote the "just, speedy, and inexpensive determination"

of an action.  Rule 1, Fed. R. Civ. P.

        As noted, Mr. Kern did not select this district because it had some nexus to this

case.  His client lived in the Eastern District of New York.  Mr. Kern's office is Jersey City, New

Jersey, and he candidly concedes that the Southern District was selected because of its proximity

to his office.  (Kern First Affirm'n ¶ 13 ("With time running quickly by, I considered the

possibility of filing the Notice of Removal in the closest Untied States District Court to our

office, which is the Southern District of New York, and researched the issue."))

        In his Second Affirmation, Mr. Kern expressly adopts and incorporates the

statements in his First Affirmation.  But, a new argument is raised.  Mr. Kern says that at the

time of removal he read the removal statute's use of the words "may be removed" as

permissive—permitting but not requiring removal to the district where the state action is

---

[3] These and other circumstances may be considered, however, on the nature and magnitude of the sanction.  See
Rule 11(c)(4), Fed. R. Civ. P.

[4] Rule 1, Fed. R. Civ. P., provides that the rules should administered to "secure the just, speedy, and inexpensive
determination of every action and proceeding."

pending.  (Kern Second Affirm'n ¶ 4.)  Insofar as it goes, Mr. Kern's statement is entirely correct

but unhelpful to his cause.  The words of section 1441(a) are as follows:

> Except as otherwise expressly provided by Act of
> Congress, any civil action brought in a State court of which
> the district courts of the United States have original
> jurisdiction, may be removed by the defendant or the
> defendants, to the district court of the United States for the
> district and division embracing the place where such action
> is pending.

28 U.S.C. § 1441(a).  True, the statute does not require but merely permits the removal of an

action over which the court has original jurisdiction to the district court embracing the place

where the state court action is pending.  Many and perhaps most removable cases are not

removed to federal court.  But, to state the obvious, neither section 1441(a) nor any other statute

permits the removal of the action to the district court of some district other than the one

embracing where the state court action is pending, such as the district closest to the lawyer's

office.  Significantly, in his Second Affirmation, Mr. Kern's does not renounce his earlier

admission that he "concluded that removal of a case to the wrong district court was not punitive

in nature and subject matter jurisdiction would be preserved with the likelihood of the case being

transferred to the proper district in the near future."  (Kern First Affirm'n ¶ 14.)

The Nature and Size of the Sanction

In considering the nature of the sanction to be imposed and its magnitude, it is fair

to consider any mitigating circumstances.  See Rule 11(c)(4), Fed. R. Civ. P. ("A sanction

imposed under this rule must be limited to what suffices to deter repetition of the conduct or

comparable conduct by others similarly situated."); see also Star Mark Mgmt., Inc. v. Koon

Chun Hing Kee Soy & Soy Sauce Factory, Ltd., 682 F.3d 170, 178–79 (2d Cir. 2012).  Mr. Kern

did not act with venal intent.  Mr. Kern was acting quickly with time running out on his client's

ability to remove the action.  He did explore the possibility of removing to the District of

- 9 -

Connecticut but could not locate an admitted attorney.  He spoke to other lawyers—none of whom are quoted as telling him that removal to this district was proper—but who "also believed [his] strategy was a viable one."  (Kern First Affirm'n ¶ 15.)  Also, the opposing party does not claim that she suffered any loss because of the conduct.  While the Court might, under such circumstances, consider a non-monetary penalty such as attendance at an educational program, it does not fit the circumstances because Mr. Kern knew his removal was wrongful.

This Court concludes that adequate deterrence in this case may be found in a monetary sanction of $3,000, imposed jointly and severally upon Mr. Kern and the law firm of Segal McCambridge, Singer & Mahoney.  Imposition of the sanction upon the lawyer's firm is mandatory "[a]bsent exceptional circumstances" and none have been shown.  Rule 11(c)(1), Fed. R. Civ. P.

Conclusion

Taking full account of all mitigating circumstances, the lawyer's actions in this case were nevertheless inexcusable.  The parent of a child, said to have been injured by lead paint exposure, brought suit against her landlord in state court in Connecticut, where the building is located.  There was no basis in law for its removal to this Court.  This Court has no nexus to the events or the parties and the proximity of the lawyer's Jersey City law office to this courthouse provides no excuse.

Dwight A. Kern and the law firm of Segal McCambridge, Singer & Mahoney are sanctioned jointly and severally in the amount of $3,000 to be paid into the Court's registry within 14 days from this Order.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
May 6, 2014